**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Respondent,** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 89-36 (RCL)** |
| | ) | |
| **MICHAEL PALMER** | ) | |
| | ) | |
| **Petitioner.** | ) | |

## MEMORANDUM OPINION

Petitioner Michael Palmer has moved for a certificate of appealability ("COA") to enable him to appeal parts of this Court's September 26, 2012 opinion granting in part and denying in part his motion pursuant to 28 U.S.C. § 2255. Pet'r's Request, ECF No. 400. The Court will DENY Mr. Palmer's motion, and will not issue a certificate of appealability.

## I.    BACKGROUND[1]

Mr. Palmer was convicted on numerous firearm and narcotics offenses. *See United States v. Palmer*, 89-cr-36, 2012 WL 4380554, at *1–3 (D.D.C. Sept. 26, 2012). After his conviction was affirmed on appeal, *see United States v. Harris*, 959 F.2d 246 (D.C. Cir.), *cert. denied*, 506 U.S. 933 (1992), Mr. Palmer made numerous postconviction filings. These were resolved by this Court's 2012 opinion, granting in part and denying in part Mr. Palmer's updated § 2255 motion. *See generally Palmer*, 2012 WL 4380554.

---

[1] The Court only summarizes the facts essential to the matter at hand. For a complete factual and procedural background, see *United States v. Palmer*, 89-cr-36, 2012 WL 4380554, *1–4 (D.D.C. Sept. 26, 2012).

## II.    LEGAL STANDARD

"[A]n appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" unless "a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(B).  Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).  The Supreme Court has explained that a petitioner satisfies this standard where he shows, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

## III.    ANALYSIS

Mr. Palmer now seeks a COA as to three issues decided in that opinion.  The Court will deny this request.

### A.  *Rutledge* Claim

The Court partially granted Mr. Palmer's claim under *Rutledge v. United States*, 517 U.S. 292, 300 (1996).  *Palmer*, 2012 WL 4380554 at *8.  The government conceded that under that decision, Mr. Palmer's convictions for both conspiracy and continuing criminal enterprise ("CCE") could not both stand where the conspiracy was itself a lesser included offense in the CCE conviction.  *Id.*  The Court agreed.  Noting that the Supreme Court in *Rutledge* appeared to leave the question of which of the two convictions should be vacated open, the Court followed the "usual practice" of dismissing the lesser included offense, the conspiracy conviction, and leaving the more serious offense, CCE, to stand.  *Id.*

Mr. Palmer seeks leave to appeal from this decision because, "[u]nlike all of the cases cited by the court . . . in this case *the government used the now-vacated conspiracy charge as*

*one of the 'series of violations' that is required for a CCE conviction.*"  Pet'r's Request 3; *see also id.*at 4-5 ("This unusual circumstance did not exist in the cases relied on by the Court as 'standard practice.'").  This is not accurate.  In *Rutledge* itself, the conspiracy was one of the predicate offenses for the CCE conviction.  *See* 517 U.S. at 295 n.2; *see also Rutledge v. United States,* 22 F. Supp. 2d 871, 874 (C.D. Ill. 1998) (noting that on remand from the Supreme Court, the District Court dismissed the conspiracy charge, and kept the CCE charge).  And, in *United States v. Miller*, the Second Circuit expressly held that "[a] lesser included § 846 conspiracy may serve as a predicate offense for a § 848 CCE conviction." 116 F.3d 641, 678 (2d Cir. 1997).  Both of these cases were relied on in the Court's opinion.  *Palmer*, 2012 WL 4380554 at *8.  In light of these precedents, the Court finds that "jurists of reason" would not find it debatable whether the Court was within its discretion under *Rutledge* in dismissing the conspiracy conviction rather than the CCE conviction in this case.  *See Slack*, 529 U.S. at 478.  Accordingly, the Court will not issue a certificate of appealability for this claim.

### B.  Ineffective Assistance of Counsel Claims

Mr. Palmer also seeks leave to appeal from the Court's dismissal, on procedural grounds, of his ineffective assistance of counsel ("IAC") claims based on certain jury instructions and proof offered at trial.  Pet'r's Request 7–11.  The Court will deny this request because, even assuming that these claims were timely filed, "jurists of reason would [not] find it debatable whether the petition states a valid claim of the denial of a constitutional right."  *See Slack*, 529 U.S. at 478.

To prevail on a claim of IAC, a defendant must establish (1) that counsel's performance was deficient—that is, that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and (2) that counsel's "deficient

performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish that counsel's deficient performance prejudiced the defense, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

As the Court noted in dismissing Mr. Palmer's other IAC claims on the merits,

> This Court need not decide whether the[] failures [alleged by Mr. Palmer] fell below an "objective standard of reasonableness" because [he] has failed to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. As Judge Greene remarked in Palmer's sentencing hearing, "[i]n the 25 years . . . that I have been on the bench, I have seldom, if ever, seen a case in which the evidence was as overwhelming as it was in this case . . . and particularly [as to] the guilt of Mr. Palmer." Transcript of Sentencing, at 7. Even if petitioner's trial counsel had pursued these lines of inquiry in trial, petitioner has failed to demonstrate a "reasonable probability" that the outcome of the trial would have been different, in light of the "overwhelming" evidence against Mr. Palmer.

*Palmer*, 2012 WL 4380554 at *17. Because the same reasoning applies to the IAC claims addressed here, Mr. Palmer has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court will not issue a COA for these claims.

**C. Law of the Case Doctrine**

Finally, Mr. Palmer argues that the Court violated the law of the case doctrine by applying timeliness requirements to claims covered by Judge Urbina's 2003 order consolidating his previous motions. Pet'r's Request 11–15. Judge Urbina's order dismissed Mr. Palmer's numerous pending § 2255 motions without prejudice and ordered him to file a single consolidated motion. *See* Order, Sept. 10, 2003, ECF No. 216; *see also Palmer*, 2012 WL 4380554 at *4. The order reads, in full:

> In order to manage this case in a manner consistent with the highest quality of justice, it is this 9[th] day of September, 2003,

ORDERED that the petitioner's motions [#89, #198] to vacate, set aside or correct sentence and supplemental submission are DISMISSED without prejudice; and it is

FURTHER ORDERED that the petitioner shall have until December 10, 2003 to file a consolidated motion to vacate, set aside or correct sentence that incorporates only those arguments set forth in the petitioner's submissions # 89, #170, #185 and # 198. The respondent may file an opposition no later than February 10, 2004, with the petitioner's reply due no later than April 10, 2004.

SO ORDERED.

Order, ECF No. 216.

The Court finds that the order does not bear the legal weight that Mr. Palmer would have it do. Rather, it is, as the government suggests, merely a "housekeeping" measure. Resp't's Opp'n 8. It contains no analysis of time limits or procedural hurdles, much less any discussion suggesting that these requirements would be waived. Thus, reasonable jurists would not find it debatable that the order does not impliedly waive any procedural or timeliness requirements for the claims raised in the motions it discusses. *See Slack*, 529 U.S. at 478. The Court will not issue a COA for these claims.

## IV.    CONCLUSION

For the foregoing reasons, the Court will DENY Mr. Palmer's motion for a COA. An order shall issue with this opinion.

Signed by Royce C. Lamberth, Chief Judge, on February 14, 2013.